IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA : 
: 
: Civil No. CCB-11-2287
v. : Criminal No. CCB-09-0373
: 
TYRONE POWELL : 

# MEMORANDUM

Now pending is a petition to vacate, set-aside, or correct sentence pursuant to 28 U.S.C. § 2255 filed by Tyrone Powell.  On August 18, 2009, Mr. Powell was indicted on two counts: (1) conspiracy to possess with intent to distribute a mixture or substance containing a detectable amount of cocaine hydrochloride, and (2) possession with intent to distribute a mixture or substance containing a detectable amount of cocaine hydrochloride.[1]  Mr. Powell moved to suppress the evidence against him.  The court heard evidence on the suppression motion and issued an order denying the motion on November 5, 2009.  Mr. Powell entered a guilty plea to Count Two of the indictment on November 9, 2009.  The court subsequently sentenced Mr. Powell to a term of 96 months incarceration, as agreed by the parties pursuant to the plea agreement.  Mr. Powell appealed the court's denial of his suppression motion, and the Fourth Circuit affirmed the district court's ruling.  *United States v. Powell*, 399 F. App'x 855 (4th Cir. 2010).  Mr. Powell now challenges his sentence based on ineffective assistance of counsel.  The

---

[1] A grand jury for District of Maryland initially indicted Mr. Powell on June 22, 2009.  A Superseding Indictment was issued on August 18, 2009.

1

matter has been fully briefed, and no hearing is necessary.  *See* Local Rule 105.6.  For the reasons set forth below, the § 2255 petition will be denied.

*Legal Standard & Discussion*

Mr. Powell moved for § 2255 relief on August 15, 2011, charging that his attorney, Steven Hale Levin, denied him effective assistance of counsel.  (ECF No. 79.)  Mr. Powell alleges that Mr. Levin, who was appointed by the court pursuant to the Criminal Justice Act (CJA), was prejudicially ineffective for failing to argue for a two-point reduction in Mr. Powell's adjusted guideline level for acceptance of responsibility.  Mr. Powell charges that his counsel told him he would argue for a reduction of Mr. Powell's guideline level and then failed to do so at sentencing.

Mr. Powell's claim directly contradicts his sworn testimony.  Mr. Powell's plea agreement contained a stipulation pursuant to Rule 11(c)(1)(c) of the Federal Rules of Criminal Procedure that a sentence of 96 months was the appropriate disposition of the case.  (Plea Agreement, ECF No. 61, ¶ 9.)  Mr. Powell signed the agreement and attested in open court that his signature was knowing and voluntary.  (*Id.*; Sentencing Transcript, ECF No. 72, p. 19.)  He also testified that he was "completely satisfied with the representation of [his] attorney." (Transcript at 19.)  Moreover, at Mr. Powell's sentencing, the court explained that:

> Under [Rule 11(c)(1)(c)], the government and the defendant agree upon a sentence.  In this case, the sentence is . . . 96 months. . . . So if I accept your 11(c)(1)(c) plea agreement, I will sentence you to 96 months imprisonment. Do you understand that, sir?

(*Id.* at 26.)  Mr. Powell stated then, and again during the course of his sentencing, that he understood his sentence would be 96 months if the court accepted the parties' stipulation.  (*Id.* at 19, 28.)  The court then imposed the agreed-upon 96-month term of incarceration, deeming it

2

reasonable in light of the facts of the case and noting also that Mr. Powell's plea agreement preserved his right to appeal the court's ruling on the suppression motion. (*Id.* at 28-30.)

Given his express testimony, Mr. Powell cannot reasonably argue that he expected his counsel to pursue a reduction from the agreed term of 96 months. The term of incarceration which the court imposed was known to Mr. Powell in advance, and Mr. Powell specifically testified that he understood he was agreeing to a 96-month sentence. Mr. Powell's own testimony is sufficient to defeat any allegation that his counsel was ineffective for failing to argue for a reduction in his guideline level.

The court also notes that it would have been an exercise in futility for Mr. Powell's counsel to seek a reduction in Mr. Powell's guideline level for acceptance of responsibility. Based on Mr. Powell's criminal history, he was likely to be subject to increased penalties under 21 U.S.C. § 851 and to be deemed a Career Offender.[2] In that case, Mr. Powell's advisory guidelines range would have been 210 to 262 months. The sentence which Mr. Powell's counsel negotiated for him was far below the advisory guidelines range. A two-point reduction in the adjusted guidelines range would not have produced a better outcome for Mr. Powell.

To sustain a claim for ineffective assistance, Mr. Powell must satisfy the two-prong test set forth by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 687 (1984). First, a petitioner must show trial counsel's performance fell below "an objective standard of reasonableness." *Id.* at 687-91. In evaluating such conduct, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. To satisfy the second prong of the *Strickland* test, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

---

[2] The government, Mr. Powell's attorney, and the court all acknowledged at sentencing that the 96-month term represented a substantial reduction from the sentence Mr. Powell was likely to face under the guidelines due to his criminal history record. (Transcript at 27-29.)

would have been different." *Id.* at 694. The record shows that Mr. Powell was ably represented by his counsel. Mr. Powell has failed to establish his counsel's faulty performance or prejudice to the outcome of his proceeding.

*Certificate of Appealability*

A prisoner seeking a motion to vacate under § 2255 is not automatically entitled to appeal a district court's denial of the motion. 28 U.S.C. § 2253(c)(1)(B). An appeal may only be taken from a final order in a proceeding under § 2255 if "a circuit justice or judge issues a certificate of appealability." *Id.* A certificate of appealability "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To make the necessary showing, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke,* 542 U.S. 274, 282 (2004) (*quoting Slack v. McDaniel,* 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (internal quotations omitted). Mr. Powell has not made the requisite showing for this court to issue a certificate of appealability.

*Conclusion*

In summary, Mr. Powell has failed to show any grounds for relief under 28 U.S.C. § 2255. A separate Order follows.

June 28, 2012                                    /s/
Date                                             Catherine C. Blake
                                                 United States District Judge